IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NEIL WILLIAMS,

    Plaintiff,

v.

CIVIL ACTION NO.:CV506-047

CORNELL CORRECTIONS OF
GEORGIA; CALVIN MORTON,
Warden; Lt. JAMES W. BRADDY,
and Officer JOSH SPIVEY,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement. Lieutenant Braddy and Officer Spivey ("Movants") filed a Motion for Summary Judgment, to which Plaintiff has responded. For the reasons which follow, the Motion filed by Braddy and Spivey should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff, through counsel, asserts Lieutenant Braddy ("Braddy") and Officer Spivey ("Spivey") brutally attacked him. Plaintiff also asserts he suffers from headaches, pain in his neck, shoulders, and back, and loss of vision because of the alleged attack by Braddy and Spivey.

Movants contend Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. Movants also contend Plaintiff does not mention Warden Calvin

Morton ("Morton") in his grievance pertaining to the events in question, and accordingly, the Court should find Plaintiff did not exhaust his administrative remedies as to Morton.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the

nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Movants assert Plaintiff filed a grievance on February 10, 2006, in which he contended Braddy and Spivey assaulted him. Movants contend Plaintiff's grievance was denied, and Plaintiff appealed the denial of his grievance to the Office of Internal Affairs on March 9, 2006. Movants allege that, as of the date of filing their Motion, Plaintiff had not received a response to his appeal. Movants aver Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint because his appeal remains pending. Movants also aver Plaintiff did not name Warden Morton in his grievance, which is sufficient to dismiss Plaintiff's claims against him.[1]

Plaintiff contends he exhausted his administrative remedies prior to filing the instant cause of action. Plaintiff asserts he filed an appeal of the denial of his grievance to Internal Affairs on March 9, 2006. Plaintiff also asserts he did not receive a response within 90 days of filing his appeal, and accordingly, his administrative remedies were exhausted when he filed his Complaint on June 30, 2006. Finally, Plaintiff asserts his claims against Morton should not be dismissed in light of a recent decision by the United States Supreme Court.

---

[1] Movants allege Defendant Morton has not been properly served in this case. There is no indication that the instant Motion was filed on behalf of Defendant Morton, but given counsel's mention of Defendant Morton, the undersigned has addressed Movants' contention that Plaintiff's claims against Morton should be dismissed.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2387, 165 L. Ed. 2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at ___, 126 S. Ct. at 2386. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

D. Ray James Prison is a privately owned correctional facility falling within the purview of the Georgia Department of Corrections. The Georgia Department of Corrections has promulgated a set of Standard Operating Procedures, which are applicable to all inmates committed to the Georgia Department of Corrections in private

prisons, such as D. Ray James Prison. Within the Standard Operating Procedures is a statewide grievance procedure, Standard Operating Procedure IIB05-0001. (Pl.'s Ex. B). According to this Procedure, after an inmate completes the informal grievance procedure (Pl.'s Ex. B, pp. 5-6), he may file a formal grievance. The Warden shall provide a response to the inmate's grievance, and all formal grievances may be appealed. (Pl.'s Ex. B, p. 8, ¶ 15). "The Commissioner's Office or his designee will have 90 calendar days after receipt of the [appeal] to respond." (Pl.'s Ex. B, p. 9, ¶ 5). There is no requirement delineated in Standard Operating Procedure IIB05-0001 that an inmate must specifically identify by name every individual against whom he has filed his grievance.

The parties agree on the following: Plaintiff filed a grievance at D. Ray James Prison on February 10, 2006, detailing his claims that Braddy and Spivey assaulted him (Movs.' Ex. A); Plaintiff filed an appeal on the denial of this grievance with Internal Affairs on March 9, 2006 (Movs.' Ex. 1); and Internal Affairs has not responded to Plaintiff's appeal. (Id.). The parties, however, disagree about whether Plaintiff exhausted his administrative remedies prior to filing the instant cause of action.

The evidence reveals Plaintiff filed an appeal with Internal Affairs on March 9, 2006, and Internal Affairs arguably had 90 days by which to respond to Plaintiff's appeal, or until June 7, 2006. There is nothing before the Court which indicates Internal Affairs responded to Plaintiff' appeal by that date. Plaintiff filed his Complaint with this Court on June 30, 2006, after the time Internal Affairs should have provided a response to his appeal. According to the Standard Operating Procedure governing the grievance process, all Plaintiff was required to do was file a grievance and an appeal of the denial

of his grievance. (Pl.'s Ex. B). The applicable Procedure does not require an inmate to receive a response to his appeal, only that he file an appeal and await a response on his appeal for a period of 90 days. Additionally, the applicable Procedure does not require an inmate to identify by name each and every person against whom a grievance is filed. Plaintiff satisfied the requirements of the statewide grievance procedure applicable to inmates housed at D. Ray James Prison, and thus, "properly" exhausted his administrative remedies prior to filing his Complaint. See Woodford, ___ U.S. at ___, 126 S. Ct. at 2386; see also, Jones, ___ U.S. at ___, 127 S. Ct. at 923. Movants have not met their burden of establishing there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Braddy and Spivey (Doc. No. 13) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE